Our first case is United States v. Tyson, No. 18-3804. You may proceed. Good morning, Your Honor. May it please the Court, John A. Baum on behalf of the appellant, William Tyson. I respectfully request the opportunity to reserve two minutes. That would be granted. Thank you. Your Honor, in this case, law enforcement officers in October of 2017 caught a woman in a sting operation, prostitution sting operation, after initially lying about her age to police. Ultimately, investigation reflected she was 17 years old. Further investigation revealed that on her personal cell phone, there was a recorded video of her performing a sex act on another person. That person was allegedly Mr. Tyson. Okay. We're well familiar with that. So government fought a motion to eliminate. It was not granted. The issues in this particular case, while we would seek to present a mistake as to age defense to both statutes, the basis for doing so in some respects is the same, in some respects is different. With regard to the 2423 charge, the trafficking of a minor for the purposes of prostitution, I first want to point out something that I did not raise in my brief. In my preparations, I recognized that in addition to being charged with, as a principal, with 2423, Mr. Tyson is also charged in the indictment as an accomplice. An accomplice liability, if you look at the Roseman case, the United States Supreme Court case in Roseman of 2014, and the First Circuit case in 2015 of incarceration, I don't know if I'm going to say it right, incarceration, Ruiz, there is a heightened intent that's necessary for these elements. If he's guilty as a principal, then it doesn't matter, does it? I think it does matter, because I don't know the government's theory. If he's guilty as a principal, it will matter whether or not he's guilty as an accomplice? I don't, I don't, the government would have to proceed to present, they've charged him in both fashions. So perhaps the jury may find him guilty as an accomplice, but not as a principal. What do you make of the fact that 2423 does provide an age defense for a specific, for one of the very, for one specific offense? Wouldn't that suggest that Congress contemplated an age defense and didn't provide it for the other offenses? I think that argument has been made and is made, but. What's your response to that argument? I think the plain reading of the statute. Which includes that core of it. Correct, I agree, but I think just on the face of it, that the adverb modifies the verb, which the object of that verb is a person who hasn't attained 18. I think just the plain reading of it, and I start back with, and I guess. What's the general presumption? The question is, is this not, is not, should this rule be decided according, the case be decided according to that presumption? Your friend says no. Other courts say no. And many other courts say no. I think perhaps there seems arguably a trend in the United States Supreme Court. The excitement video case from 1994 added a presumption of a scienter requirement should apply to each of the statutory elements that criminalize otherwise innocent behavior. I think the Flores-Figueroa opinion arguably expanded that to each of the elements of the offense. And I recognize that. What I say arguably, the Supreme Court Justice Breyer went out of his way to sort of say, that's different, didn't he? I mean, if you look at the actual language of the opinion, his statement is that an issue is whether the term knowingly in paragraph one modified the phrase use of a minor, and then he went on to say the language was more ambiguous than the language here, not only because that phrase use of minor was not the direct object of the verdict, but also because it appeared in different subsections. So it looks like the majority in Flores-Figueroa is saying, look, what we're saying about how knowingly modifies everything after it in this case does not apply to these statutes, including the statute at issue here about transporting a minor interstate for the purposes of producing visual depictions involving sex. Your Honor, I apologize if I'm wrong. I don't know if you're referring to Justice Alito's concurring opinion. I just read you from the majority. Okay. That's the majority. Justice Alito in his concurrence is very clear in saying those are different, but the majority is making a claim that they're different, too. I concur. Your Honor, I do think, though, even in the very recent case of Raheve, it also extended a knowing requirement to an individual who apparently put forth a defense he didn't know he was here illegally. Here's what you've got to come to grips with if you would, Mr. Obama. It appears that every court that's looked at this has ruled the other way than the way you'd like us to rule, and they say consistently, just as Justice Alito did in the concurrence in Flores-Figueroa, these cases are meant particularly, these statutes, to protect minors. And so to have a knowledge of age defense, a mistake of age defense, would completely undermine that. We can't let that happen. What's wrong with that reasoning? Well, because somebody could be committing an offense without knowing they're committing an offense. And the courts have all said, and we don't care because that opens too wide a door. We don't care that somebody could say, you know, it's the famous bad joke punchline, she looked 18 to me, Your Honor, right? And the courts are saying, we don't think that's funny. You don't get to hide in there. We're not going to accept that. And consistently, every court has said that. You've got to come to grips with that and say, well, why is that rationale that every court that's looked at this as accepted is wrong? Well, I concur that every court has done that with regard to 2423. I believe the Ninth Circuit has not done that with regard to the 2251 charge. The Ninth Circuit does allow an affirmative defense of a mistake as to age to be proven by clear and convincing evidence. I realize that they are standalone in that regard and that the majority of circuits, even this circuit in unpublished opinions, has not gone to afford a defendant that offense. But you asked the question why. And, you know, representing a client who has a mountain of evidence to suggest that the person lied about their age repeatedly to him and to many other people and then coming forth and saying, I can't put that forth as a defense. To my client, it seems unfair to him. I understand that the Congress can punish certain behaviors, but I think that Mr. Tyson should at least have been allowed to present the defense that he did not know that she was a minor. And the evidence in the record that he did anything to ascertain her age. There's nothing in the record. And we never really got that far. Well, now, we've all we all agree the about the decisions of our sister circuits. We actually have a decision in the Hamilton case, which I know you're well aware of. Are we obliged to go the other way with with Bonnie precedent? Granted, it considered the predecessor statute, but it's largely the same. I think it's persuasive authority. And I recognize that in making this argument to you, I'm swimming upstream. But nevertheless, you know, as when I say a question of fairness, the again, I'm putting forth the argument that my client seeks me to raise, you know, from a factual basis. He has a convincing argument that he did not know. And arguably, maybe he should have. If the case and the government perhaps could show that he did not verify or should have taken further steps. But again, we never. But that, again, would presumes that we would be allowed to present that even as a defense, which we were precluded from doing. How would you like us to do you like us to rule? This is an affirmative defense. What would tell me how you would like us to? Well, I would like you to rule that the government would have to prove that he knew or should have known that she was under the age of 18. However, I certainly make an element of the offense. Correct. Because I think it is an element fence. However, if the court were so inclined, I mean, to at least allow. The government would have to prove that he knew. The government would have to come up with evidence to show this person had to know. The answer is yes. And I think there are many ways that they can do that based on her testimony, perhaps his statements, any past history between the two of them, her appearance. I mean, I realize this isn't a particular case where it's a very close, you know, she was just short of her 18th birthday or relatively close to her 18th birthday, and we're not talking about someone under the age of 12 in Pennsylvania. And I realize mistake as to age is a defense when the relevant age is over 14 in Pennsylvania. So essentially Pennsylvania draws the line to say if it's below 14, you can't present it as a defense. Now, this is the state of Pennsylvania. However, but when it's over and it might be more likely, and I recognize that that could present some people coming forward and saying, I didn't know. Well, since you've raised this about Pennsylvania law, what's your best argument for this assertion that's in your briefing that this is a piggybacking statute, that the government was obliged to prove underlying offenses were unlawful? I concur, actually, with the government's brief, that Pennsylvania doesn't have a statutory defense set forth to the crime of prostitution. I agree with the government's brief in that regard. Then we don't have to deal with that anymore. But I don't know if the government set forth what the prostitution statute under which my client was being prosecuted. In other words, I realize he's being prosecuted for prostitution purposes. I don't know if it was under the Pennsylvania definition, under a different state, under some federal definition of prostitution. This was going on in Pennsylvania, right? Sorry? This was going on in Pennsylvania, right? Yes, that is correct. Okay. Any more counsel? Yeah, I do. We'll get you on rebuttal. Thank you. Good morning, Your Honors. To please the court, my name is Francis Sempha. I represent the government in this case. Your Honor, with respect to both of these statutes, I think the first thing I want to mention and point out is that the courts have been fairly, as Judge Conner said in his opinion, there's been a robust consensus that Congress has the right and the authority and the power to pass legislation to protect minors, to protect the sexual exploitation and abuse of minors. I don't think you're going to get any argument on that. Let's step back for a second because I want to ask about the standard of review. In your brief on page two, you said, or you seemed to argue that the standard of review here is abuse of discretion. Yeah. Your Honor, I didn't like the brief. I believe the standard of review was plenary. I did not. Okay. All right. Good enough. And, Your Honor, the legislative history, particularly if I can start with 2251, the production of child pornography, the legislative history is pretty clear in that case. And it has been examined by the Supreme Court in the excitement video case where Chief Justice Rehnquist compared 2252 to 2251. And Chief Justice Rehnquist, in examining the legislative history, indicated that the Senate version of the bill for 2251 included a knowingly provision. And the House version did not. And then when it went to conference committee, they deleted knowingly. They sided with the House version. There's loads of authority on your side. We all recognize that. But why don't you come to grips with the Ninth Circuit's decision in United States versus United States District Court? Your Honor, I think it's an outlier decision. I think the Ninth Circuit got it wrong in that case. I believe their, as I recall, their decision was based on a First Amendment issue that somehow a statute like 2251 was going to chill freedom of speech and our rights under the First Amendment. I can say to that Congress in 2257, 18 U.S.C. 2257, has put the burden on the producers of adult pornography to verify, to confirm the age of their performers. Chief Justice Rehnquist, in a footnote in excitement video, talks about that it makes sense in these cases to place the risk of error on the producers of child pornography because the legislation is designed to protect minors. So I just think the Ninth Circuit is wrong. It's inconsistent with all the other circuits. Have other courts followed that decision? Have other courts followed that decision? I have not found any other court that followed the Ninth Circuit's decision. In fact, I think that's why Judge Conner in this case talked about a robust consensus of the circuit courts that say mistake of age is no defense. It's not a defense to 2251A and it's not a defense to 2423A. Your friend talked about the prostitution issue. Are we looking to Pennsylvania law to determine what prostitution is? I don't believe we are. The statute 2423A talks about transporting a minor in interstate commerce for the purposes or with the intent to engage in prostitution or any other offense or any other crime that involves sexual activity that someone can be prosecuted for. There is a federal prostitution statute. It's 2421. It's part of the Mann Act. If you transport anyone across state lines for purposes of prostitution, that's a federal crime. In this case, as the circuit courts have recognized, what 2423 did was effectively enhance the penalty when you are transporting a minor instead of an adult. So in this particular case, the age of the victim doesn't determine whether or not something is a crime. It's a crime to transport anyone across state lines for purposes of prostitution. Do we have to get into this piggybacking issue at all then? I don't believe so. We're not talking about having to specify an underlying Pennsylvania offense here. It's a federal offense to take anyone across state lines for the purposes of prostitution. So the defense has recognized that they're swimming upstream here. I think we all agree with that. But what's wrong with a matrix where, given particularly in light of the very stiff penalties involved in these cases, to force the government to prove the age? And in a particular case like this where you have affirmative representations by the victim that she was 19 on her Facebook page and conversations, why shouldn't the government have to assume that burden? Well, I think it's because Congress's intent is that they shouldn't. Congress writes these statutes. In 2251, there was a version that said it had to be knowingly. Congress decided no, it doesn't have to be knowingly, because as a matter of public policy, the prevention and the protection of children from sexual exploitation is what I believe the Supreme Court in New York-Ferber said, a government objective of surpassing importance. And so I believe that the Supreme Court got it right and all the other circuits, including this circuit, got it right. In Cochran, right, we mentioned it? Pardon? The Cochran case, we mentioned it? That's correct. Do you have anything more, Counselor? I don't, Your Honor. Okay, thank you, Counsel. Your Honor, I do not have anything further to add. I'm available if you have any questions. Okay, well, thank you, Counselor. Thank you. We will take the case under advisement.